(October 21, 2002)

■ In the Matter of RICHARD A. DUDLEY JR., a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [748 NYS2d 519] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Fourth Department, in 1965. He is currently suspended from practice for a period of six months, effective July 3, 2002 (*Matter of Dudley*, 296 AD2d 651). Prior to his suspension, he maintained a law office in the Town of Canton, St. Lawrence County.

As charged by supplemental petition, we find that respondent engaged in the unauthorized practice of law while suspended by accepting a fee to represent a client (*see* 22 NYCRR 806.9 [a]; Code of Professional Responsibility DR 3-101 [b] [22 NYCRR 1200.16 (b)]). Also, as charged, we find that respondent submitted a sworn application for reinstatement in October 2001 which failed to disclose, as required, that he was a party in pending litigation (*see* DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]).

Having heard respondent in mitigation and mindful of his disciplinary record (*see Matter of Dudley, supra; Matter of Dudley*, 282 AD2d 867; *Matter of Dudley*, 262 AD2d 864; *Matter of Dudley*, 250 AD2d 996), we conclude that respondent should be suspended for the misconduct set forth in the supplemental petition for a period of six months, effective immediately.

Cardona, P.J., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that respondent is found guilty of professional misconduct as charged and specified in the supplemental petition, except insofar as charge II alleged violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]); and it is further ordered that respondent is suspended from practice for a period of six months, effective immediately, and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form ei-

ther as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).